1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7

| JUAN SOUSA, | CASE NO.    1:11-CV-01754-MJS (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| C. WEGMAN, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

8
9
10
11
12
13
14
15
16

**SCREENING ORDER**

17

**I.    PROCEDURAL HISTORY**

18
19
20

Plaintiff Juan Sousa is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed October 21, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

21
22

The Complaint is now before the Court for screening.

23

**II.    SCREENING REQUIREMENT**

24
25
26

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

27

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF COMPLAINT

Plaintiff is a practitioner of a Mexican Indian (Aztec/Mayan/Toltec) religion (Compl. at 3.) Defendant correction staff members at Kern Valley State Prison (KVSP), applying California Department of Corrections and Rehabilitation (CDCR) religious accommodation policy[1], determined that Plaintiff failed to make a showing of religious structure and doctrine sufficient for recognition of a Mexican Indian religious program at KVSP. They required Plaintiff instead use an existing Native American religious services program.

---

[1] Cal. Code Regs. tit. 15, § 3210(d) (2012) ("A request for a religious service accommodation that requires a specific time, location and/or item(s) not otherwise authorized, will be referred to a Religious Review Committee for review and consideration . . . ."); CDCR Operations Manual Article 6, § 101060.1 ("The Department shall make a reasonable effort to provide programs for the religious and spiritual welfare of all interested inmates.").

Plaintiff contends his religion is distinct from Native American religion. He claims Defendants have violated his rights under the Free Exercise Clause, Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Id. at 3-13, 39-40.)

He names as Defendants (1) C. Wegman, KVSP Community Resource Manager, (2) M.D. Biter, KVSP Warden. (Id. at 3.)

He seeks injunctive relief ordering that Mexican Indian religion be recognized as a religion and allowed to use the prison sweat lodge. (Id. at 3-4.)

IV.   **ANALYSIS**

A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

-3-

conclusions are not. Id. at 1949–50.

### B.   Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege any facts linking any individual Defendant to the decision by the KVSP Religious Review Committee denying accommodation of Plaintiff's Mexican Indian religion.[2]

As noted Defendants can not be held liable under § 1983 solely because of supervisory capacity. Moreover, Defendants can not be held liable for their involvement in review of prison appeals. "Inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (Actions in reviewing a prisoner's administrative appeal can not serve as the basis for liability under § 1983).

Plaintiff may not proceed against Defendants for alleged rights violation by the KVSP Religious Review Committee unless he alleges facts plausibly showing how each

---

[2] See n.2; It appears the Decision of the Religious Review Committee was issued after Plaintiff's prison appeal and therefore not subject to exhaustion.

Defendant *personally* violated, or knowingly directed a violation of, his constitutional rights by the Committee.

### C.    Free Exercise

Plaintiff alleges Defendants have prevented him from exercising his Mexican Indian religion.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "[R]easonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments . . . ." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).

In order to implicate the Free Exercise Clause, the prisoner's belief must be both sincerely held and rooted in religious belief. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). "[O]nly those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." Id. (citing DeHart v. Horn, 227 F.3d 47, 51 (3rd Cir. 2000). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Shakur, 514 F.3d at 883-84.

In analyzing the legitimacy of regulation of prisoners' religious expression, the court should consider the following factors set forth in Turner v. Safley, 482 U.S. 78, 89-90 (1987):[3]

---

[3] O'Lone, 482 U.S. at 349; Turner, 482 U.S. at 89-90 (1987)

(1)     Whether there is a valid, rational connection between the regulation and the interest used to justify the regulation;

(2)     Whether prisoners retain alternative means of exercising the right at issue;

(3)     The impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and

(4)     Whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests.

Plaintiff fails to allege sufficient information about his Mexican Indian religion and proposed religious program to enable the Court to evaluate it under the above criteria and determine the plausibility of his claim that his beliefs are sincerely held, religious in nature, and distinct from the Native American religious program. See Scott v. Ozmint, 467 F.Supp.2d 564, 572 (D.S.C. 2006) (no denial of free exercise where inmate failed to provide the information specifically requested by prison staff per prison regulations for determination whether to recognize the inmate's alleged religion).

Plaintiff's pleading does not address the Turner factors. He has not alleged facts suggesting that Defendants' religious program policy is other than reasonably related to legitimate penological purposes. Significantly, Plaintiff fails to allege he has been denied "all means of religious expression." Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (citing O'Lone, 482 U.S. at 351-52); see Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (denial of all access to religious worship opportunities can violate the First Amendment). Indeed, his pleading reveals that he has been allowed to utilize Native American Services providing outside grounds and sweats.

Plaintiff has not stated a cognizable First Amendment claim. He will be given leave

to amend. If he chooses to amend, Plaintiff must allege facts that would satisfy all the above elements of a First Amendment claim based on religion.

### D. Equal Protection

Plaintiff alleges he has been denied religious accommodation because he is a Mexican Indian and that he has been treated differently from similarly situated Native Americans. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class (Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); see also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

The Equal Protection Clause protects prisoners from intentional discrimination on the basis of their religion, Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citing Cruz, 405 U.S. at 321-22), abrogated on other grounds by Shakur, 514 F.3d at 884-85), and entitles each prisoner to a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Shakur, 514 F.3d at 891. Prison officials can not discriminate against particular religions. See Cruz, 405 U.S. at 321-22; see also Rupe v. Cate, 688 F.Supp.2d 1035, 1049 (E.D. Cal. 2010).

To state a claim based on membership in a protected class, Plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his status as a Mexican Indian religious adherent[4] by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891.

Nothing before the Court alleges Defendants intentionally discriminated against him on the basis of his status as a Mexican Indian religious adherent. See Odneal v. Dretke, 435 F.Supp.2d 608, 617 (S.D. Tex. 2006) (reversed in part by Odneal v. Pierce, 324 Fed.Appx. 297 (5th Cir. 2009) (prison officials did not act with discriminatory purpose in failing to provide Native American inmate with religious ceremonies, thus defeating his equal protection claim). Plaintiff must present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-40 (1976); Serrano, 345 F.3d at 1082; Freeman, 125 F.3d at 737. Indeed, it appears Plaintiff was denied accommodation of his Mexican Indian religion because of his failure to provide information sufficient to establish his religion under CDCR policy and not because of a discriminatory animus. Denial of accommodation of Plaintiff's Mexican Indian religious program on such basis, without more is not sufficient to state an equal protection claim.

Plaintiff also fails to allege facts plausibly suggesting Defendants treated him differently than similarly situated Native American inmates and without any rational relationship to a legitimate state purpose. To state an equal protection claim under this theory, a plaintiff must allege that: (1) he is a member of an identifiable class; (2) he was

---

[4] "A plaintiff must show that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

Plaintiff alleges that he is a member of identifiable class, i.e., an adherent of Mexican Indian religion. Plaintiff has not met the other two prerequisites of such a claim.

He has not alleged he was intentionally treated differently from others similarly situated. Nor is it clear he has been treated differently from Native American inmates; he has been invited to use the Native American religious program.[5]

He has not made any factual showing that the CDCR religious accommodation policy is other than rationally related to prison goals.

Plaintiff has failed to state a cognizable claim for violation of the Equal Protection Clause under either theory against Defendants. Plaintiff's claim shall be dismissed, but with leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

## E.   RLUIPA

Plaintiff may assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling government

---

[5] Plaintiff has not alleged facts suggesting participation in the Native American religious program denies him a "reasonable opportunity of pursuing his . . . faith comparable to the opportunity afforded fellow prisoners who adhere to the conventional religious precepts." <u>Cruz</u>, 405 U.S. at 322; <u>see also</u> <u>Jones v. Bradley</u>, 590 F.2d 294, 296 (9th Cir. 1979). "[R]easonable opportunities " are not the same as identical treatment. <u>Cruz</u>, 405 U.S. at 322 n.2.

interest; and (2) is the least restrictive means of furthering that compelling government interest.

See Pub.L.No. 106–274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc–1).

Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994–95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly great extent." Id. at 995. It "must impose a significantly great restriction or onus upon [religious] exercise." Id. A substantial burden includes situations "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief." Id.

If a plaintiff meets this burden, the defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id.. "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff has failed to allege a sufficient predicate religious program for the reasons stated above. He has not alleged facts suggesting the CDCR religious program accommodation policy has substantially burdened his Mexican Indian Religious beliefs. He has not alleged facts suggesting how access to Native American religious program services burdens his ability to practice his religious beliefs. See Jihad v. Fabian, 680 F.Supp.2d 1021, 1027 (D.Minn. 2000) (no substantial burden where prisoner does not allege that his only opportunity for group worship is under guidance that contradicts or

inhibits his religious beliefs); Id. (it is well established that prisoners do not have a constitutional right to the religious advisor of their choice).

Plaintiff has not stated a claim under RLUIPA, and will be given leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

### F.    Injunctive Relief

Plaintiff seeks injunctive relief that Defendants recognize his Mexican Indian religion, and allow use of the prison sweat lodge.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim. See e.g., Allen v. White, 2010 WL 2985967 *2 (W.D. Okla. April 22, 2010) (no substantial likelihood of prevailing where no showing that denial of ritual items burdens exercise of inmate's religion).

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Here it appears Plaintiff has been allowed to utilize the Native American sweat lodge program.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in his favor. Second, while the public has an interest in providing for the religious and spiritual welfare of all interested inmates, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison corrections staff.

The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner, 482 U.S. at 84-85. In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

-12-

**V.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any cognizable § 1983 claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed October 21, 2011,

2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.    Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir.2011).

IT IS SO ORDERED.

Dated:   June 27, 2012          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE