UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SOUSA,<br><br>          Plaintiff,<br><br>     v.<br><br>C. WEGMAN, et al.,<br><br>          Defendants.<br>_____/ | CASE No. 1:11-cv-01754-MJS (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>(ECF No. 16) |

**I.     PROCEDURAL HISTORY**

Plaintiff Juan Sousa is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed October 21, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction for all purposes and proceedings. (Consent to Magistrate, ECF No. 5.)

This matter proceeds on Plaintiff's Second Amended Complaint (Sec. Am. Compl., ECF No. 12) alleging Defendant Wegman violated Plaintiff's First Amendment right to free exercise of his religion. (Order Finding Cognizable Claim, ECF No. 13.)

On October 16, 2012, the Court issued its order directing service upon Defendant Wegman by the U.S. Marshal and ordered that service be completed by February 18, 2013. (Order re Service, ECF No. 15.)

Pending before the Court is Plaintiff's request and declaration for entry of default. (Req. Entry Default, ECF No. 16.)

## II.     LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

When considering whether to enter a default judgment, the court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989). "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.

## III.    ANALYSIS

Plaintiff is not entitled to entry of default because he has not demonstrated that the Defendant has been effectively served with process. Absent service, the Court has no jurisdiction over a defendant. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004); see also Harry and David v. J & P Acquisition, Inc., 865 F.Supp.2d 494, 500 (D. Del. 2011) (absent proper service a defendant is not legally called to answer and entry of default is void.)

There is no evidence that the U.S. Marshal has legally effected service of process upon Defendant Wegman and thereby triggered Defendant's legal obligation to respond to Plaintiff's Second Amended Complaint. Fed. R. Civ. P. 4(d), (e); Fed. R. Civ.

P. 55(a). The Court's October 16, 2012 order for Marshal's service does not constitute service of process, but rather directs the U.S. Marshal to effectuate service prior to the applicable service deadline of February 18, 2013.[1]

Plaintiff's instant motion is clearly premature. Until and unless Defendant is in default, Plaintiff may not seek entry of default and judgment thereon.

IV. **ORDER**

Accordingly, for the reasons stated above, it is HEREBY ORDERED THAT Plaintiff's motion for entry of default (ECF No. 16) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   December 18, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).