# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SOUSA,<br><br>    Plaintiff,<br><br>    v.<br><br>C. WEGMAN, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01754-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) GRANTING DEFENDANT'S MOTION TO STRIKE SURREPLY (ECF No. 29), and (2) DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 24)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Juan Sousa is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed October 21, 2011 pursuant to 42 U.S.C. § 1983. The matter proceeds on a Second Amended Complaint free exercise claim against Defendant Wegman, Community Resource Manager at Kern Valley State Prison ("KVSP"). (ECF No. 13.)

Defendant filed a motion to dismiss the Second Amended Complaint on April 25, 2013 pursuant to Fed. R. Civ. P. 12(b). (ECF No. 24.) Therein Defendant notified Plaintiff of rights, obligations and methods for opposing the motion to dismiss pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed opposition. (ECF No. 26). Defendant replied to the opposition. (ECF No. 27.) Plaintiff filed a surreply (ECF No. 28), which Defendant moves to strike as unauthorized. (ECF No. 29.)

1

## I. MOTION TO STRIKE SURREPLY

Plaintiff's surreply is unauthorized by the Federal Rules of Civil Procedure and Local Rules. Plaintiff provides no authority for filing a surreply. He did not seek leave of Court to do so. The Court did not request or approve the surreply.

Accordingly, Defendant's motion to strike the surreply (ECF No. 29) should be granted. The surreply (ECF No. 28) should be stricken. Local Rule 230(*l*). It was not considered in this ruling.

## II. LEGAL STANDARD

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

### B. Failure to State a Claim

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–679; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

### III. ARGUMENTS

#### A. Defendant's Position

Defendant argues that (1) Plaintiff free exercise claim is barred by application of the doctrine of collateral estoppel and by the Eleventh Amendment, and (2) Plaintiff did not exhaust administrative remedies under the PLRA prior to filing this action.

##### 1. Collateral Estoppel

Plaintiff filed habeas corpus petitions in both Kern County Superior Court[1] and the California Court of Appeals for the Fifth District,[2] claiming KVSP officials refused to acknowledge and accommodate his Mexican Indian religion, the same allegations lodged in this action.

The habeas petitions reportedly were denied in both state courts on the ground Plaintiff failed to show his beliefs constituted a religion or that he was denied all religious expression. Thus Plaintiff should be collaterally estopped from re-litigating these issues in this action.

##### 2. Eleventh Amendment

Plaintiff fails to allege whether Defendant is sued in her personal or official capacity.

---

[1] See Petition for Writ of Habeas Corpus (Kern County Superior Court), Case No. HC011832A, ECF No. 25-1. Judicial notice taken. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (the court may take judicial notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue).

[2] See Petition for Writ of Habeas Corpus (Fifth District Court Appeals), Case No. HC11832A, ECF No. 25-3. Judicial notice taken. Id.

Plaintiff alleges conduct suggesting official capacity, i.e., Defendant's failure to train, supervise, implement policy, and prevent unconstitutional practices.

The Eleventh Amendment bars any claim for damages against Defendant in her official capacity.

### 3. Failure to Exhaust

Plaintiff's asserts unexhausted allegations that, subsequent to September 29, 2009, Defendant Wegman wrongly determined Plaintiff's religion had nothing to do with the American Indian religion; revoked Plaintiff's chapel time and participation in the Native American Religious program without providing an alternative; and declined to acknowledge Plaintiff's Mexican Indian religion.

Plaintiff filed and the California Department of Corrections and Rehabilitation ("CDCR") accepted the following two appeals concerning Plaintiff's Mexican Indian religion (ECF No. 24-3, at ¶¶ 11-12, Ex.'s A & B; ECF No. 24-4, at ¶¶ 6-10, Ex.'s B-E):

#### a. 2009 Appeal

Appeal No. KVSP-O-09-01966 dated September 29, 2009 ("2009 Appeal"), in which Plaintiff claimed he was not being recognized as a Mexican Indian Religious Practitioner and sought chapel time and the right to conduct religious services and sweats. (ECF No. 24-3, at Ex.'s A, B.) This appeal was partially granted at the first and second levels and denied at the third level on June 23, 2010. (Id.) It can not support exhaustion as to allegations of federal rights violations occurring after the appeal filing date, September 29, 2009.

#### b. 2011 Appeal

Appeal No. KVSP-11-01029 submitted July 26, 2011 ("2011 Appeal"), concerning the group known as "Chicano Mexicano Mexica", in which Plaintiff sought recognition of his Mexican Indian religion and the right to purchase religious materials. Defendant interviewed Plaintiff and denied this appeal at the first level because the KVSP Religious Review Committee determined the group to be a "non-faith group . . . [and not] a religious group." (ECF No. 24-4, at Ex E.) The appeal was denied on said grounds at the second level (Id.)

and was not submitted for third level review. (ECF No. 24-3, at ¶ 12.) Since there was no third level review, Plaintiff has not exhausted the claims raised in his 2011 Appeal.

### B. Plaintiff's Position

Plaintiff responds that (1) the 2009 Appeal fully exhausted his instant free exercise claim; (2) during a previous incarceration at Calipatria State Prison he was granted a 602 finding that his Mexican Indian belief structure supported establishment of a Mexican Indian religious program (ECF No. 26 at 6), and that finding should have been effective at KVSP; (3) Defendant's requirement that Plaintiff obtain a Bureau of Indian Affairs roll number, which he is not eligible for, is an unreasonable burden on religious practice, and (4) the state habeas decisions did not adjudicate the instant allegations against Defendant.

## IV. ANALYSIS

### A. Collateral Estoppel

#### 1. Legal Standard

##### a. Federal

To foreclose re-litigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation, (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation, and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. Triveno v. Gates, 99 F.3d 911, 923 (9th Cir. 1996); see also Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007); Headwaters, Inc., v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005), quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

In deciding whether there is an identity of claims, federal courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same

1  transactional nucleus of facts.' " Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir.
2  2012), quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139,
3  1150 (9th Cir. 2011). "The fourth criterion - the same transactional nucleus of facts - is the
4  most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151.

5        Claim preclusion bars litigation of claims that were or could have been raised in a
6  prior action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007). Federal courts are
7  required to give state court judgments the preclusive effects they would be given by
8  another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009), citing
9  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984), and Maldonado v.
10 Harris, 370 F.3d 945, 951 (9th Cir. 2004).

11       b.    State

12       Under California law, a final judgment of a state court precludes further proceedings
13 if they are based on the same cause of action. Brodheim, 584 F.3d at 1268, citing
14 Maldonado, 370 F.3d at 951. California courts employ the primary rights theory to
15 determine what constitutes the same cause of action for claim preclusion purposes, and
16 under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a
17 corresponding primary duty devolving upon the defendant, and (3) a harm done by the
18 defendant which consists in a breach of such primary right and duty. Id., citing City of
19 Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003). If two
20 actions involve the same injury to the plaintiff and the same wrong by the defendant, then
21 the same primary right is at stake even if in the second suit the plaintiff pleads different
22 theories of recovery, seeks different forms of relief and/or adds new facts supporting
23 recovery. Id., citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983).

24       "A [state habeas] decision actually rendered should preclude an identical issue from
25 being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and
26 fair opportunity for the issue to be heard and determined under federal standards."
27 Silverton v. Department of Treasury of U.S. of America, 644 F.2d 1341, 1347 (9th Cir.
28 1981).

6

| | |
|---|---|
|1| <u>2       No Determination of Identical Issues</u>|

2       Defendant has not demonstrated the state habeas courts considered and decided Plaintiff's instant claim, i.e., the claim that Defendant substantially burdened Plaintiff's free exercise rights by denying Plaintiff's faith and practices central to it. Plaintiff alleges in this action that Defendant determined Plaintiff's beliefs were neither religious nor related to those of Native Americans; refused to recognize his religion; and denied him all access to the Native American religious program (ECF No. 12, at 3:6-7, 17-19); he seeks monetary damages. (<u>Id.</u> at 3.) The Kern County superior court found no undue burden on Plaintiff religious exercise on the record before it. The Kern County Court noted prison staff had not yet made a determination on Plaintiff's acknowledgment and accommodation requests. At that point, prison staff was awaiting detail on Plaintiff's belief structure, ritual, and facility use request, as well as the requested Native American identity number. Plaintiff had access to existing Native American religious facilities at that time. (ECF No. 25-3, at 17-20.)

The state court of appeals, in denying habeas relief, appears to have relied upon the same record as that before the Kern County Court. (ECF No. 12, at 17-19; ECF Nos. 25-3, 25-4.) Thus the state habeas courts did not reach and determine Plaintiff's instant allegations in any reasoned decision. Nor could these courts have done so because the instant allegations post-date the habeas record.

Additionally, it is unclear whether the state courts applied appropriate federal standards. The Free Exercise Clause is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. <u>Shakur v. Schriro</u>, 514 F.3d 878, 884–85 (9th Cir. 2008); <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir.1997), <u>overruled in part by Shakur</u>, 514 F.3d at 884–85; <u>see also</u> <u>Lau v. Harrington</u>, 2012 WL 3143869, *8 (E.D. Cal. August 1, 2012). Restriction on religious activity must be reasonable in light of four factors: (1) whether there is a valid, rational connection between the regulation and a legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the

7

1  asserted constitutional right would have a significant impact on guards and other inmates;
2  and (4) whether ready alternatives are absent (bearing on the reasonableness of the
3  regulation). Turner v. Safley, 482 U.S. 78, 89–90 (1987). Religious exercise is
4  unconstitutionally burdened where a central tenet is subjected to substantial interference.
5  See Abobkr v. Mills 2008 WL 4937370, *2 (E.D. Cal. November 17, 2008). The state court
6  decisions here do not include reasoned free exercise analysis under these standards.

7  Accordingly, prosecution of the Second Amended Complaint would not impact the
8  state court habeas decisions and is not bound by them. The evidence in issue in the state
9  fora is not identical to and does not arise out of the same nucleus of facts as presented in
10 Plaintiff's pleading. Plaintiff's instant free exercise claim should not be collaterally estopped
11 by the state habeas proceedings.

12 **B.    Eleventh Amendment**

13 The Eleventh Amendment erects a general bar against federal lawsuits brought
14 against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). While
15 "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief,"
16 Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely,
17 regardless of the form of relief sought. See e.g., Pennhurst State School & Hosp. v.
18 Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678
19 F.3d 737, 740 n.1 (9th Cir. 2012).

20 The Eleventh Amendment does not bar suits for damages against state officials in
21 their personal capacities. Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-
22 capacity suits . . . seek to impose individual liability upon a government officer for actions
23 taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991); Suever v. Connell,
24 579 F.3d 1047, 1060 (9th Cir. 2009).

25 Here, Defendant argues Plaintiff seeks monetary relief based upon Defendant's
26 failure to train, supervise, implement policy, and prevent constitutional violations, i.e.,
27 official capacity allegations. "The Eleventh Amendment bars suits for money damages in
28 federal court against a state, its agencies, and state officials in their official capacities."

1  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However,
2  Defendant fails to identify in the pleading any alleged policy or custom that was the moving
3  force behind the rights violation in issue. See Hafer, 502 U.S. at 27 ("official capacity"
4  requires a policy or custom of the governmental entity be the moving force behind the
5  violation).

6      Additionally, where a plaintiff is seeking damages against a state official and the
7  complaint is silent as to capacity, a personal capacity suit is presumed given the bar
8  against an official capacity suit. Shoshone–Bannock Tribes v. Fish & Game Comm'n, 42
9  F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).
10 Defendant concedes the pleading is silent as to official capacity versus personal capacity.
11 (See ECF No. 24-2 at 11:26-27.) The Hafer presumption applies here.

12     Accordingly, Plaintiff's claim for damages should not be barred by the Eleventh
13 Amendment.

14     **C.**    **PLRA Exhaustion**
15         1.    Legal Standard

16     The CDCR has an administrative grievance system for prisoner complaints; the
17 process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1,
18 3084.2(a). During the time relevant to this case, there were three formal levels of appeal: a
19 first formal level, a second formal level, and a third formal level, also known as the
20 "Director's Level." Id. at §§ 3084.5, 3084.6(c). To properly exhaust administrative remedies,
21 a prisoner must comply with the deadlines and other applicable procedural rules. Woodford
22 v. Ngo, 548 U.S. 81, 93 (2006).

23     The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather
24 an affirmative defense. Defendants have the burden of proving Plaintiff failed to exhaust the
25 available administrative remedies before filing a complaint in the district court. Jones v.
26 Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the
27 administrative remedies is properly asserted by way of an unenumerated motion under
28 Fed. R. Civ. P 12(b). Wyatt, 315 F.3d at 1119; Ritza v. Int'l Longshoremen's &

Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Wyatt, 315 F.3d at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

### 2. 2009 Appeal Exhausted Ongoing Claims[3]

On review of the record, the undersigned finds that Plaintiff's underlying free exercise claim relates to an ongoing denial of acknowledgment of Plaintiff's Mexican Indian religion and his right to practice it at KVSP. The court also finds that Appeal No. KVSP-O-09-01966 dated September 29, 2009, the 2009 Appeal herein, exhausted that claim at the third level.

Specifically, Plaintiff filed this action on October 21, 2011, claiming that beginning in 2009, Defendant refused to recognize his religion and allot specific outside grounds to conduct services, burn sage and hold sweats, (ECF No. 12 at 3 ¶ IV, 11), ultimately denying him all ability to exercise his religion.[4] (Id.) To have properly exhausted this claim, Plaintiff must have submitted an inmate appeal regarding the claim and obtained a third level decision prior to October 21, 2011. Woodford, 548 U.S. at 85–86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

It is without dispute that on September 29, 2009, Plaintiff appealed the failure of prison staff to: recognize his religion, allow him chapel time and services and visitation with a chaplain, and allot specific outside grounds for holding services and sweats and burning sage - he asserted he had been denied the right to exercise his religion. (ECF No. 24-4 at 11.) Plaintiff received a denial of Appeal No. KVSP-O-09-01966 at the third (Director's

---

[3] Plaintiff's request for judicial notice of Exhibit A to his opposition, the referenced Calipatria State Prison 602 response (ECF No. 25-1 at 20) is denied for purposes of this motion on grounds of lack of authentication, Fed. R. Evid. 901, and relevance. Fed. R. Evid. 401.

[4] See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 351-52 (1987) (denial of "all means of religious expression" violates First Amendment); see also Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (denial of all access to religious worship opportunities can violate the First Amendment).

10

level on June 23, 2010. (ECF No. 24-3 at 7.)

Appeal No. KVSP-0-09- 01966 put prison officials on notice of the alleged failure to acknowledge Plaintiff's Mexican Indian religion and provide him access to a chaplain, chapel and outside grounds, thereby burdening his free exercise rights. Plaintiff provided prison officials an opportunity for administrative resolution. This satisfied the legislative purpose behind PLRA exhaustion, namely to alert the prison to a problem and give the prison an opportunity to resolve it; the appeal need not lay the groundwork for litigation. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Woodford, 548 U.S. at 88.

In California, inmates are required only to describe the problem and the action requested. Cal. Code Regs. tit. 15 § 3084.2(a). This Plaintiff accomplished this through the third level. An appeal need not lay out the facts, articulate legal theories, or demand particular relief; all the appeal need do is object intelligibly to some asserted shortcoming. Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002); see also Rowe v. Dep't of Corr., No. 1:06–cv–01171–LJO–SMS PC, 2010 WL 5071015, at *1 (E.D. Cal. Dec. 7, 2010); cf. McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (while inmates' grievances provided notice the failure to provide for certain general Wiccan religious needs and free exercise, they were not sufficient to place prison on notice that the chaplaincy-hiring program itself was the problem).

Additionally, to the extent access to the Native American Indian program, relief partially granted in Appeal No. KVSP-0-09- 01966, was subsequently terminated, Plaintiff is not required to separately appeal a failure of Defendant to implement the partial relief granted in the 2009 Appeal. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.")

For the reasons stated above, Defendant is not entitled to dismissal of the action based upon failure to exhaust administrative remedies.

## V.   CONCLUSIONS AND RECOMMENDATIONS

Plaintiff's surreply (ECF No. 28) is unauthorized and should be stricken and not

11

considered hereunder.

The First Amendment free exercise claim on which Plaintiff is proceeding should not be barred by collateral estoppel, the Eleventh Amendment, or PLRA exhaustion.

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Defendant's motion to strike Plaintiff's surreply (ECF No. 29), be GRANTED, and Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 24) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 28, 2014         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE