UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN SOUSA,

Plaintiff,

v.

C. WEGMAN, et al.,

Defendants.

Case No. 1:11-cv-01754-LJO-MJS (PC)

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT (ECF No. 54)**

**CASE TO REMAIN OPEN**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) The matter proceeds on the free exercise claim in his Second Amended Complaint against Defendant Wegman, Community Resource Manager at Kern Valley State Prison ("KVSP"). (ECF No. 13.)

On June 30, 2015, the Magistrate Judge issued findings and recommendations to deny Defendant's motion to strike and motion for summary judgment. (ECF No. 54.) Defendant filed objections on July 13, 2015. (ECF No. 55). The Court addresses the objections below.

**I. Motion to Strike**

The Court rejects Defendant's objection to the Magistrate Judge's failure to address the merits of their evidentiary objections. The Court fails to see what purpose it would serve to rule on evidentiary objections that would not affect the statements of fact relied on to decide the motion for summary judgment. The decision Defendants cite does not support their argument that they are entitled to a purely academic ruling on their evidentiary

objections. See Yeager v. Bowlin, No. 2:08-102, 2010 WL 95242, at *2 (E.D. Cal. Jan. 6, 2010)(ruling on "unnecessary evidentiary objections" nonetheless undertaken where they determined outcome of summary judgment motion). Here, the objected-to statements, even if "striken [sic] from the record" would not have altered the Court's reasoning, so the Court will adopt the recommendation to deny the motion to strike.

## II. Motion for Summary Judgment

### A. Substantial Burden

The Court rejects Defendant's claim that there is an absence of disputed fact regarding whether Defendant substantially burdened Plaintiff's religious practice. The repeated denials of Plaintiff's requests to attend religious services, observe holiday celebrations, to use the sweat lodge, and to obtain formal recognition for his religion can properly be characterized as a substantial burden, particularly in light of Defendant's acknowledgement in her objections (ECF No. 55, at 4) that she does not actually dispute the religiosity or sincerity of Plaintiff's beliefs.

### B. Turner Analysis

The Court also rejects Defendant's contention that the restrictions on Plaintiff's free exercise were justified under the Turner factors. While prison officials are entitled to deference in their assessment of security concerns, and while such concerns may justify curtailment of some religious activities, it is not clear to the court that there is a nexus between security and denying formal recognition of Plaintiff's religion. Moreover, the fact that Defendant allowed (and even encouraged) the Mexican Indian inmates to worship as a group with the Native Americans would seem to belie her assertion that potential gang activity justified preventing the Mexican Indians from worshipping as a group on their own. Incidentally, the Court disagrees that proposing Plaintiff worship with the Native Americans was an acceptable alternative when parties agree that the Mexican Indian faith is distinct

from the Native American faith: this court has not identified any case holding that an alternative means of religious expression is the practice of a different religion entirely. Defendant's evidence in support of the third Turner factor, namely, that allowing Plaintiff to use the sweat lodge was causing "internal conflict" and complaints from Native Americans, is not sufficient. Petty rivalries among religious groups and perceptions that one is receiving more favorable treatment than another are not dispositive of a burden on the prison or inmates. See Ward v. Walsh, 1 F.3d 873, 878 (9th Cir. 1993). Moreover, the Native Americans objected not to the use of the sweat lodge by another faith, but to the fact that this faith was not formally recognized by the prison. (ECF No. 47-4, at 26.) Defendant has not indicated what burden recognizing Plaintiff's religion, allowing group services *not* in the sweat lodge, or allowing Mexican Indians, as a formal group, to hold sweat lodge ceremonies would entail. Accordingly, the Court finds that there is insufficient evidence to enable the Court to determine the Turner factors.

**C. Qualified Immunity**

The Court also rejects Defendant's arguments that she was entitled to qualified immunity. Defendant says she does not challenge the sincerity or religious nature of Plaintiff's beliefs (ECF No. 55, at 4), yet she denied Plaintiff's attempts to obtain formal recognition for the Mexican Indian faith because it "[was] not a valid religion" (ECF No. 47-4, at 20), then denied his attempts to organize group worship and other religious activities because his religion was not formally recognized. The Court disagrees it would be clear to a reasonable person in Wegman's position that such a restriction of sincere religious activity was not unlawful. See Saucer v. Katz, 533 U.S. 194, 202 (2001).

**D. Technical Compliance with Local Rule 260(b)**

Defendant's objection to Plaintiff's technical compliance with Local Rule 260(b), which requires is overruled. As a *pro se* litigant, Plaintiff's filings are entitled to liberal

construction. See Solis v. Cnty. of Los Angeles, 514 F.3d 946, 956 n. 12 (9th Cir. 2008). He did file his own statement of undisputed facts, and the Court may refer to this, the opposition itself, and his verified complaint in identifying genuine disputes of material fact. See, e.g., McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir. 1987); Lyons v. Traquina, 2010 WL 3069336, at *4 (E.D. Cal. Aug. 4, 2010).

**E. Injunctive Relief**

The Court likewise rejects Defendant's argument that Plaintiff's injunctive relief claim is moot. A prisoner's transfer to a different institution only moots a claim for injunctive relief where the prisoner has no reasonable expectation of returning to the institution where his claims arose. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, neither party has provided evidence on the likelihood that Plaintiff could be transferred back to KVSP, so at this juncture the Court declines to find that his injunctive relief claim is automatically moot.

Accordingly, it is HEREBY ORDERED that:

1) The Court adopts the findings and recommendations filed June 30, 2015 (ECF No. 54) in full;
2) Defendant's motion to strike (ECF No. 53) is DENIED;
3) Defendant's motion for summary judgment (ECF No. 47) is DENIED; and
4) The case is to remain open.

IT IS SO ORDERED.

Dated: **August 11, 2015**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

5)